37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Noland Isaac TURNER, Plaintiff-Appellant,
v.
IDS FINANCIAL SERVICES, INC., Defendant-Appellee.
 No. 94-1263.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 21, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellant Noland Turner appeals the district court's decision dismissing his Title VII claim against his former employer, Appellee IDS Financial Services, Inc. The district court concluded that Turner's claim was covered by the terms of the National Association of Securities Dealer's Code of Arbitration Procedure, and that Turner was required to arbitrate his claim. We reverse and remand.
 
 
 2
 This court held in Farrand v. Lutheran Brotherhood, 993 F.2d 1253, 1255 (7th Cir.1993) that the rules of the National Association of Securities Dealers ("NASD") do not provide for the arbitration of employment disputes. This holding was reaffirmed in Kresock v. Bankers Trust Co., 21 F.3d 176, 178 (7th Cir.1994). Further, this court held that the recent amendments to the NASD Code, which specifically made employment disputes arbitrable, were not retroactive from their effective date of October 1, 1993. Id. at 178-79. Given that Turner was terminated in February 1992, over a year and half before the effective date of the amendments, Turner is not required to arbitrate his claim.
 
 
 3
 IDS Financial Services convinced the district court that Farrand was distinguishable because Turner, unlike the plaintiff in Farrand, was a "member" of the NASD, as well as an employee of IDS Financial Services.
 
 
 4
 Section 1 of the NASD Code of Arbitration provides: This Code of Arbitration Procedure is prescribed ... for the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association, with the exception of disputes involving the insurance business of any member which is also an insurance company:
 
 
 5
 (1) between or among members;
 
 
 6
 (2) between or among members and public customers, or others; and
 
 
 7
 (3) between or among members, registered clearing agencies with which the Association has entered into an agreement to utilize the Association's arbitration facilities and procedures, and participants, pledges or other persons using the facilities of a registered clearing agency, as those terms are defined under the rules of such a clearing agency.
 
 
 8
 Section 8 of the Code requires arbitration of all disputes within the scope of Section 1.
 
 
 9
 IDS Financial Services is correct in noting that the Farrand case focused, in part, upon whether the employee, who was not a "member," was subject to arbitration as an "other" under Section 1(2). However, the Farrand decision went beyond this. The court contrasted the NASD provisions with the much broader analogous provisions of the New York Stock Exchange, and concluded employment disputes were beyond the scope of the NASD provisions. Farrand, 993 F.2d at 1254-1257. In addition, both the employee in Farrand and the employee in Kresock had signed Form U-4, which provides that the employee agrees to be bound by the NASD Code and to arbitrate any dispute that is required to be arbitrated under the rules of NASD. See Farrand, 993 F.2d at 1254; Kresock, 21 F.3d at 178. Thus the scope of the NASD arbitration provisions was an issue in both cases.
 
 
 10
 Lastly, IDS Financial Services argues that Farrand should be overruled to the extent it conflicts with relevant Supreme Court authority in favor of arbitration, notably Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991). While noting at least one other circuit has disagreed with our position,[1] this court declines appellee's invitation. The Farrand court specifically addressed Gilmer, both as to the facts the Supreme Court was presented and the legal rules the Court established. See 993 F.2d at 1254-1255.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.R. 34(a); Cir.R. 34(f). Defendant-Appellee has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 See Kidd v. Equitable Life Assur. Socy., No. 93-6571, slip op. (11th Cir. Sept. 16, 1994)